IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY J. LACEY,

      Plaintiff,                  No. 2:09-cv-0357 JFM (PC)

   vs.

DOMINGUEZ,

      Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that defendant refused to accept plaintiff's outgoing confidential mail.  Plaintiff contends he was "seeking assistance to prepare a defense to an active case which cause[d] [him] untimely due process."  (Complt. at 3.)  Plaintiff also alleges defendant's attitude was unprofessional and unethical because defendant used derogatory language toward plaintiff when he asked defendant to sign the outgoing confidential mail.

First, plaintiff is advised that an allegation of verbal abuse alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate the Eighth Amendment).  These allegations do not raise a cognizable claim for violation of the Eighth Amendment and should not be included, without more, in any amended complaint.

Second, inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).  To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court.  Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351.  In other words, a claim for deprivation of the constitutional right of access to the courts must allege both the underlying cause of action, whether that action is merely anticipated or already lost, and the official acts that frustrated the litigation.  Harbury, 536 U.S. at 415-16.

1         Although the Constitution protects plaintiff from being denied access to the
2 courts, a claim for violation of this right accrues only when and if plaintiff suffers an actual
3 injury.  Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351, 354.  Plaintiff's conclusory allegations
4 that defendant interfered with plaintiff's effort to mail a confidential letter on one occasion is
5 insufficient.  In addition, he may not pursue an access claim based on a bare allegation that he
6 suffered an actual injury.  Instead, plaintiff is required to allege some specific facts that would
7 support a claim that he in fact suffered an actual injury by being shut out of court.  Accordingly,
8 plaintiff's complaint will be dismissed and plaintiff will be granted leave to amend.

9         The court finds the allegations in plaintiff's complaint so vague and conclusory
10 that it is unable to determine whether the current action is frivolous or fails to state a claim for
11 relief.  The court has determined that the complaint does not contain a short and plain statement
12 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
13 policy, a complaint must give fair notice and state the elements of the claim plainly and
14 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
15 must allege with at least some degree of particularity overt acts which defendants engaged in that
16 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
17 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
18 an amended complaint.

19         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
20 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
21 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
22 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
23 there is some affirmative link or connection between a defendant's actions and the claimed
24 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
26 /////

1  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
2  Regents, 673 F.2d 266, 268 (9th Cir. 1982).
3          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading.  This is
6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.
11         In accordance with the above, IT IS HEREBY ORDERED that:
12         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
13         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
15 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
16 Director of the California Department of Corrections and Rehabilitation filed concurrently
17 herewith.
18         3.  Plaintiff's complaint is dismissed.
19         4.  Within thirty days from the date of this order, plaintiff shall complete the
20 attached Notice of Amendment and submit the following documents to the court:
21             a.  The completed Notice of Amendment; and
22             b.  An original and one copy of the Amended Complaint.
23 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
24 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
25 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
26 /////

1 file an amended complaint in accordance with this order will result in a recommendation that this
2 action be dismissed.
3 DATED: February 12, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; lace0357.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY J. LACEY,

    Plaintiff,                                  No. 2:09-cv-0357 JFM (PC)

    vs.

DOMINGUEZ,                             NOTICE OF AMENDMENT

    Defendant.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____                Amended Complaint

DATED:

                                                                          Plaintiff