1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    BILLY J. LACEY,

11              Plaintiff,                No. 2:09-cv-0357 JFM (PC)

12         vs.

13    DOMINGUEZ,                          ORDER AND

14              Defendants.               FINDINGS & RECOMMENDATIONS

15    _____/

16         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17    42 U.S.C. § 1983.  This action is proceeding on claims raised against one correctional officer

18    who interfered with plaintiff's legal mail and three prison officials who reviewed plaintiff's

19    administrative grievances.  On August 26, 2009, defendants filed a motion to dismiss for failure

20    to exhaust administrative remedies prior to suit as to defendants Vera, Kramer and Ebbitt,[1] and a

21    motion to dismiss for failure to state a claim as to defendant Dominguez.  Plaintiff has filed an

22    opposition and defendants filed a reply.

23         Defendants seek dismissal of this action due to plaintiff's failure to exhaust

24    administrative remedies prior to suit as to defendants Vera, Kramer and Ebbitt.  On June 17,

25    _____

26         [1] Plaintiff exhausted his administrative remedies as to defendant Dominguez.

1  2009, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure

2  to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P.

3  12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

4             "Section 1997e(a) of Title 42 of the United States Code provides:
           No action shall be brought with respect to prison conditions under

5             [42 U.S.C. § 1983], or any other Federal law, by a prisoner
           confined in any jail, prison, or other correctional facility until such

6             administrative remedies as are available are exhausted.

7  This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."

8  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the

9  filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

10  requirement during the course of an action.  Id. at 1200.  Defendants have the burden of proving

11  that plaintiff failed to exhaust available administrative remedies.  See Wyatt, 315 F.3d at 1120.

12             California's Department of Corrections provides a four-step
           grievance process for prisoners who seek review of an

13             administrative decision or perceived mistreatment. Within fifteen
           working days of "the event or decision being appealed," the inmate

14             must ordinarily file an "informal" appeal, through which "the
           appellant and staff involved in the action or decision attempt to

15             resolve the grievance informally." Cal.Code Regs., tit. 15, §§
           3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not

16             resolved during the informal appeal, the grievant next proceeds to
           the first formal appeal level, usually conducted by the prison's

17             Appeals Coordinator.  Id. §§ 3084.5(b), 3084.6(c). Next are the
           second level, providing review by the institution's head or a

18             regional parole administrator, and the third level, in which review
           is conducted by a designee of the Director of the Department of

19             Corrections.  [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

20  Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

21          In support of their motion to dismiss, defendants have presented evidence that

22  plaintiff submitted a grievance concerning the March 9, 2008 incident where defendant

23  Dominguez refused to accept plaintiff's legal mail for processing.  (Grannis Decl., Ex. D.)  The

24  appeal does not mention defendants Vera, Kramer and Ebbitt or their role in reviewing plaintiff's

25  administrative grievances concerning the March 9, 2008 incident.  (Am. Complt., Appendix A.)

26  Plaintiff has not presented any evidence to the contrary.  Accordingly, plaintiff's § 1983 claims

1  against defendants Vera, Kramer and Ebbitt should be dismissed for failure to exhaust

2  administrative remedies prior to suit.

3      The court turns now to plaintiff's claims against defendant Dominguez.  Plaintiff

4  alleges that defendant Dominguez denied processing plaintiff's legal mail addressed to his

5  attorney, which "involved presenting relevant documentation and representation during [his]

6  ICC/UCC classification review of the unlawful prison gang validation and indeterminate SHU

7  term." (Am. Complt. at 4.)  Plaintiff contends defendant Dominguez' act resulted in "an unfair

8  review and the continued labeling as a prison gang associate and continued SHU/Ad-Seg

9  retention." (Id.)  Plaintiff also contends defendant Dominguez held a racist attitude toward

10  plaintiff, used derogatory language, and was unprofessional, which plaintiff argues was a form of

11  retaliation for plaintiff seeking access to a lawyer. (Id.)

12      The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

13  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

14  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

15  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

16  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

17  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct.

18  1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to

19  grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

20      First, plaintiff is advised that an allegation of verbal abuse alone fails to state a

21  claim of cruel and unusual punishment under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d

22  923, 925 (9th Cir. 1987); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither

23  verbal abuse nor the use of profanity violate the Eighth Amendment).  These allegations do not

24  raise a cognizable claim for violation of the Eighth Amendment.  As noted by defendants,

25  plaintiff's allegations also fail to establish a prima facie case of retaliation.

26  /////

1    Second, plaintiff alleges defendant Dominguez refused to process his legal mail

2    on Sunday, March 9, 2008.  A prisoner retains those First Amendment rights not inconsistent

3    with his status as a prisoner and the legitimate penological objectives of the corrections system.

4    Thus, a jail official's interference with inmate mail may be challenged when such interference is

5    not reasonably related to legitimate penological interests.  See Turner v Safley, 482 U.S. 78, 89

6    (1987); Pell v Procunier, 417 US 817, 822 (1974).  However, isolated incidents of mail

7    interference do not state a section 1983 claim.  See Bach v Illinois, 504 F2d 1100, 1102 (7th Cir

8    1974), cert. denied, 418 U.S. 910 (1974) (isolated incident of mail mishandling insufficient to

9    state a claim for relief under section 1983).

10    Plaintiff has not adequately alleged a claim for violation of his First Amendment

11    rights.  He identified only one incident of interference with the mail.  That single incident does

12    not present a cognizable section 1983 claim.

13    Third, inmates have a fundamental constitutional right of access to the courts.

14    Lewis v. Casey, 518 U.S. 343, 346 (1996).  Claims for denial of access to the courts may arise

15    from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking

16    access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking

17    claim).  Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).  To state a claim based on denial

18    of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual

19    injury by being shut out of court.  Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351.  In other

20    words, a claim for deprivation of the constitutional right of access to the courts must allege both

21    the underlying cause of action, whether that action is merely anticipated or already lost, and the

22    official acts that frustrated the litigation.  Harbury, 536 U.S. at 415-16.

23    Although the Constitution protects plaintiff from being denied access to the

24    courts, a claim for violation of this right accrues only when and if plaintiff suffers an actual

25    injury.  Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351, 354.  Plaintiff's conclusory allegations

26    that defendant interfered with plaintiff's effort to process his legal mail on one occasion is

4

1   insufficient.  In addition, he may not pursue an access claim based on a bare allegation that he

2   suffered an actual injury.  Instead, plaintiff is required to allege some specific facts that would

3   support a claim that he in fact suffered an actual injury by being shut out of court.

4          Here, plaintiff has provided evidence that he was validated as a gang member in

5   late 2007.  (Am. Complt., Appendix C.)  Plaintiff has failed to demonstrate how a one day delay

6   in the processing of his mail on March 9, 2008 deprived him of the opportunity to provide

7   evidence during a hearing that took place May 15, 2008, over two months later.  Moreover,

8   March 9, 2008 was a Sunday, and the U.S. Post Office would not have delivered the mail on that

9   day in any event.  Accordingly, defendant Dominguez' motion to dismiss for failure to state a

10  cognizable civil rights claim should be granted and this action should be dismissed.

11         Accordingly, IT IS ORDERED that the Clerk of the Court is directed to assign a

12  district judge to this case; and

13         IT IS HEREBY RECOMMENDED that:

14         1.  Defendants' August 26, 2009 motion to dismiss defendants Vera, Kramer and

15  Ebbitt be granted;

16         2.  Plaintiff's § 1983 claims against defendants Vera, Kramer and Ebbitt be

17  dismissed for failure to exhaust administrative remedies prior to suit;

18         3.  Defendants' August 26, 2009 motion to dismiss defendant Dominguez be

19  granted; and

20         4.  This action be dismissed.

21         These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

23  days after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

26  /////

1 │ failure to file objections within the specified time may waive the right to appeal the District

2 │ Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 │ DATED:  November 12, 2009.

5 │ UNITED STATES MAGISTRATE JUDGE

7 │ 001; lace0357.mtd